IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
PRINCE GEORGE'S COUNTY

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| 200 Constitution Avenue, N.W. | ) | |
| Washington, DC 20210, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | |
| | ) | |
| LOCAL 689, AMALGAMATED TRANSIT | ) | |
| UNION, | ) | |
| 2701 Whitney Place | ) | |
| Forestville, Maryland 20747, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiff Thomas E. Perez, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1.  This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act"), for a judgment declaring that the December 2, 2015 election of union officers conducted by Local 689, Amalgamated Transit Union (ATU) (Defendant) for the offices of President, First Vice President, Second Vice President, Financial Secretary-Treasurer, Recording Secretary, Rail Operating Division Executive Board Member, Station Managers Division Executive Board Member, Bladensburg Division Executive Board Member #1, Bladensburg Division Executive Board Member #2, Four Mile Run Division Executive Board Member #2, Montgomery Division Executive Board Member #1, Montgomery Division Executive Board Member #2, Northern

Division Executive Board Member, Shepherd Parkway Division Executive Board Member #1, Shepherd Parkway Division Executive Board Member #2, Western Division Executive Board Member, Maintenance and Construction At-Large Executive Board Member #1, Maintenance and Construction At-Large Executive Board Member # 3, Rail Car Maintenance Shops and Inspection Executive Board Member, Bus Maintenance Garage/Shop Executive Board Member, System Maintenance Executive Board Member, and Track & Structure & PLNT Executive Board Member is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Thomas E. Perez is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within Prince George's County, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i) and (j) and 401(b) of the Act (29 U.S.C. § 402(i) and (j) and 481(b)).

2

7. Defendant, purporting to act pursuant to its Bylaws and the Constitution and General Laws of the Amalgamated Transit Union (International), conducted an election of officers on December 2, 2015, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

<u>Protest of Sidney Davis</u>

8. By letter dated December 9, 2015, to Defendant's Financial Secretary-Treasurer Esker Bilger, the complainant, Sidney Davis, a member in good standing of Defendant protested the conduct of the December 2, 2015 election.  Davis was an unsuccessful candidate for President in this election.

9. At the January 5, 2016 and January 6, 2016 membership meetings, the Defendant's membership voted to conduct a rerun election for all offices.

10. By letter dated January 29, 2016, the Defendant's President Jackie Jeter appealed the decision of the membership to ATU International President Lawrence Hanley.

11. Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Davis filed a timely complaint with the Secretary of Labor received on March 14, 2016, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

<u>Protest of Gerry Garnett</u>

12. By undated letter to ATU International President Lawrence Hanley, also delivered to Defendant's Financial Secretary-Treasurer Esker Bilger on December 10, 2015, the complainant, Gerry Garnett, a member in good standing of Defendant, protested the conduct of the December 2, 2015 election.  Garnett was an unsuccessful candidate for President in this election.

13. At the January 5, 2016 and January 6, 2016 membership meetings, the membership voted to rerun the election for all offices.

14. By letter dated January 29, 2016, the Defendant's President Jeter appealed the decision of the membership to ATU International President Hanley.

15. Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Garnett filed a timely complaint with the Secretary of Labor, received on March 14, 2016, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

Protest of Bernard Womack

16. In two letters dated December 10, 2015, to Defendant's Financial Secretary-Treasurer Esker Bilger, the complainant, Bernard Womack a member in good standing of Defendant protested the conducted of the December 2, 2015 election. Womack was an unsuccessful candidate for President in this election.

17. At the January 5, 2016 and January 6, 2016 membership meetings, the membership voted to rerun the election for all offices.

18. By letter dated January 29, 2016, the Defendant's President Jeter appealed the decision of the membership to ATU International President Hanley.

19. Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Womack filed a timely complaint with the Secretary of Labor, received on March 15, 2016, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

Protest of Ozzie Andrews

20. By letter dated December 9, 2015, to Defendant's Election Committee, the complainant, Ozzie Andrews, a member in good standing of Defendant, protested the conduct of the December 2,

2015 election. Andrews was not allowed to run for the office of Station Managers Division Executive Board Member and Shop Steward.

21. At the January 5, 2016 and January 6, 2016 membership meetings, the membership voted to conduct a rerun election for all offices.

22. By letter dated January 29, 2016, the Defendant's President Jeter appealed the decision of the membership to ATU International President Hanley.

23. Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Andrews filed a timely complaint with the Secretary of Labor received on March 17, 2016, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

24. By letter signed April 13, 2016, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to May 31, 2016.

25. By letter signed May 26, 2016, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's aforesaid election be extended to June 14, 2016.

26. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaints and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) violations of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's December 2, 2015 election; and (2) that such violations had not been remedied at the time of the institution of this action.

CAUSE OF ACTION

27. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), and its constitution and bylaws during the conduct of the aforesaid election, by failing to mail proper election notice to all members at their last known home address at least fifteen days prior to election.

28. Defendant failed to conduct its election in accordance with its bylaws and the International constitution when it denied individuals—including Harry Johnson, Ozzie Andrews, and Glenn Jarret—who were eligible for candidacy under the Defendant's and the International's bylaws and constitutions the right to be nominated and run for office, in violation of section 401(e) of the Act, 29 U.S.C. 481(e).

29. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), during the conduct of the aforesaid election, by failing to apply its candidacy qualifications in a uniform manner.

30. Defendant violated section 401(e) of the Act, 29 U.S.C. § 481(e), and its constitution and bylaws during the conduct of the aforesaid election, by permitting ineligible members to vote and failing to count the ballots of eligible members.

31. The violations of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the offices of President, First Vice President, Second Vice President, Financial Secretary-Treasurer, Recording Secretary, Rail Operating Division Executive Board Member, Station Managers Division Executive Board Member, Bladensburg Division Executive Board Member #1, Bladensburg Division Executive Board Member #2, Four Mile Run Division Executive Board Member #2, Montgomery Division Executive Board Member #1, Montgomery Division Executive Board Member #2, Northern Division Executive Board Member,  Shepherd Parkway Division Executive Board Member #1, Shepherd Parkway Division Executive Board Member #2, Western Division Executive Board Member, Maintenance and Construction At-Large Executive Board Member

#1, Maintenance and Construction At-Large Executive Board Member # 3, Rail Car Maintenance Shops and Inspection Executive Board Member, Bus Maintenance Garage/Shop Executive Board Member, System Maintenance Executive Board Member, and Track & Structure & PLNT Executive Board Member.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the offices of President, First Vice President, Second Vice President, Financial Secretary-Treasurer, Recording Secretary, Rail Operating Division Executive Board Member, Station Managers Division Executive Board Member, Bladensburg Division Executive Board Member #1, Bladensburg Division Executive Board Member #2, Four Mile Run Division Executive Board Member #2, Montgomery Division Executive Board Member #1, Montgomery Division Executive Board Member #2, Northern Division Executive Board Member, Shepherd Parkway Division Executive Board Member #1, Shepherd Parkway Division Executive Board Member #2, Western Division Executive Board Member, and Maintenance and Construction At-Large Executive Board Member #1, Maintenance and Construction At-Large Executive Board Member # 3, Rail Car Maintenance Shops and Inspection Executive Board Member, Bus Maintenance Garage/Shop Executive Board Member, System Maintenance Executive Board Member, and Track & Structure & PLNT Executive Board Member to be void;

(b)  directing the Defendant to conduct a new election for these offices under the supervision of the Plaintiff;

(c) for the costs of this action; and

(d) for such other relief as may be appropriate.

                          Respectfully submitted,

                          BENJAMIN C. MIZER
                          Principal Deputy Assistant Attorney General

                          ROD J. ROSENSTEIN
                          United States Attorney

By: _____
      Allen F. Loucks
      Assistant United States Attorney
      United States Attorney's Office
      36 South Charles Street, Fourth Floor
      Baltimore, Maryland 21201
      410-209-4800
      Allen.Loucks@usdoj.gov

OF COUNSEL:

M. PATRICIA SMITH
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

RADINE LEGUM
Counsel for Labor-Management Programs

LINDSY LEE
Attorney

U.S. Department of Labor