IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: GJH-16-2052 |
| v. | ) ) ) | Honorable George J. Hazel United States District Judge |
| LOCAL 689, AMALGAMATED TRANSIT UNION, | ) ) ) | |
| Defendant. | ) | |

DECLARATION OF
SHARON HANLEY

I, Sharon Hanley, am the Chief of the Division of Enforcement, Office of Labor-Management Standards (OLMS), United States Department of Labor (Department). The Department supervised an election of officers of Local 689 ("Defendant" or "Local 689") of the Amalgamated Transit Union ("ATU") on December 6, 2017, pursuant to a Court Order entered July 18, 2017. Pursuant to this Court Order, the supervised election included new elections for the positions of: President, First Vice President, Second Vice President, Financial Secretary-Treasurer, Recording Secretary, Rail Operating Division Executive Board Member, Station Manager Division Executive Board Member, Bladensburg Division Executive Board Member #1, Bladensburg Division Executive Board Member #2, , Four Mile Run Division Executive Board Member #2, Montgomery Division Executive Board Member #1, Montgomery Division Executive Board Member #2, Northern Division Executive Board Member, Shepherd Parkway Division Executive Board Member #1, Shepherd Parkway Division Executive Board Member #2, Western Division Executive Board Member, Maintenance and Construction At-Large

Executive Board Member #1, Maintenance and Construction At-Large Executive Board Member #3, Rail Car Maintenance Shops and Inspection Executive Board Member, Bus Maintenance Garage/Shop Executive Board Member, System Maintenance Executive Board Member, and Track & Structure & Plant Executive Board Member. The Election Supervisor had the authority and responsibility for implementing all aspects of the supervised election. The Defendant's Election Committee conducted the election under the supervision of the Department.

On October 20, 2017, all Local 689 members were mailed a nominations notice for the twenty-two officer positions to be run. The Pre-Election Conference was held at 11:00 a.m. on November 1, 2017 at the Local 689 Union Hall located at 2701 Whitney Place, District Heights, MD 20747. The purpose of the conference was to develop election rules and procedures and to establish timeframes to be used in conducting the election. The conference was open to all interested parties and provided attendees the opportunity to participate in formulating the election rules by presenting materials or comments.

At the November 1, 2017 Pre-Election Conference, Anthony Graziano —an OLMS Senior Investigator designated as the election supervisor (Election Supervisor)—established the election rules, including candidate and voter eligibility, protest procedures, and time frames for Defendant Local 689's supervised election. The Election Supervisor advised the attendees that the Department was responsible for assuring the conduct of a fair election under the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), and, insofar as lawful and practicable, in accordance with provisions of the *Amalgamated Transit Union Constitution and General Laws* and the *Local Bylaws of Amalgamated Transit Union Local 689*. Moreover, the Election Supervisor advised attendees that election rules or clarifications could be added by the OLMS election supervisor as needed.

Nomination meetings were held at 8:00 p.m. on November 7, 2017 and at 10:00 a.m. on November 8, 2017 at the ATU Local 689 Union Hall. The nomination meetings resulted in sixteen of the positions being contested. The remaining six positions were uncontested. Consequently, these six candidates won their races by acclamation. The election notice regarding the contested positions was mailed to all members on November 14, 2017.

The supervised election was conducted on December 6, 2017 for the offices of: President, First Vice President, Second Vice President, Financial Secretary-Treasurer, Recording Secretary, Rail Operating Division Executive Board Member, Station Managers Division Executive Board Member, Bladensburg Division Executive Board Member #1, Bladensburg Division Executive Board Member #2, Four Mile Run Division Executive Board Member #2, Montgomery Division Executive Board Member #1, Montgomery Division Executive Board Member #2, Northern Division Executive Board Member, Shepherd Parkway Division Executive Board Member #1, Shepherd Parkway Division Executive Board Member #2, Western Division Executive Board Member, Maintenance and Construction At-Large Executive Board Member #1, Maintenance and Construction At-Large Executive Board Member #3, Rail Car Maintenance Shops and Inspection Executive Board Member, Bus Maintenance Garage/Shop Executive Board Member, System Maintenance Executive Board Member, and Track & Structure & Plant Executive Board Member. The list of those candidates who won the election is attached.

The protest procedure delineated in the election notice required that protests "should be made in writing as soon as possible, but no later than December 18, 2017" to the DOL election supervisor. The Department received one election protest, from a member of the union, as summarized below.[1]

---

[1] A non-member, Inez Henry, attempted to challenge the conduct of the election but she was ineligible to file protests because only members of labor organizations have the right to file union election complaints with the

Linda Mercer's Protests Concerning Unlawful Campaigning

Allegation: Mercer alleged that incumbent First Vice President Carroll Thomas campaigned on union time in violation of Section 401(g) of the LMRDA when Thomas spoke at two safety stand-down training sessions at the New Carrolton location on November 16, 2017, and spoke to a clerk who was on duty.

Response: Section 401(g) of the LMRDA prohibits the use of employer or union funds to promote a candidate for office, which includes campaigning by an incumbent officer while on union time. See 29 C.F.R. 452.76. Although the protests alleged that campaigning occurred under the guise of a safety training session, no evidence was found that Thomas' training on safety equipment promoted the candidacy of any officer or other candidate or disparaged any candidate. Consequently, Thomas' training sessions did not constitute the unlawful use of a union's resources in violation of Section 401(g).

Thomas did admit that he campaigned to a clerk that day. This campaigning appears to have been incidental to legitimate union business and not a violation of the Act. See 29 C.F.R. 452.76. In any event, even if the campaigning may be said to have violated the LMRDA, Section 402(c) of the LMRDA provides that an election will be overturned only where a violation may have affected the outcome of the election. Although this violation may have affected the vote of one member, it did not ultimately affect the outcome of the election because Thomas won his race by 1,648 votes. Thus, there was no violation of the LMRDA that may have affected the outcome of the election.

The Department has concluded from its investigation that Local 689's December 2017 election of officers, conducted under the Department's supervision, complied with Title IV of the

---

Secretary of Labor. See Section 402(a) of the LMRDA.

Act and was conducted, insofar as lawful and practicable, in accordance with the Defendant's constitution and bylaws and the Act. Therefore, no reason exists to overturn the results of this supervised election.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of March, 2018, in the City of Washington, District of Columbia.

Sharon Hanley, Chief
Division of Enforcement,
Office of Labor-Management Standards,
United States Department of Labor